## *In re* QUAINTANCE.

### *(Circuit Court, S. D. New York. March 9, 1892.)*

**CUSTOMS DUTIES—CLASSIFICATION—SILK AND COTTON SHIRTINGS.**

> Silk and cotton shirtings, invoiced as "mixed shirtings," consisting of cotton warp threads, some white and some colored, and silk weft threads, the cotton constituting 63.27 per cent. in weight of the fabric, and the silk 36.73 per cent. in weight, the silk being largely the component material of chief value, *held*, that the merchandise was dutiable at 50 per cent. *ad valorem* under paragraph 414 of the tariff act of October 1, 1890, and not, as classified by the collector, at 10 cents per square yard, and 35 per cent. *ad valorem*, under paragraph 348 of the same tariff.

At Law.

Application by the collector of customs at New York for a review of the decision of the board of United States general appraisers reversing the decision of the collector on the classification of certain merchandise entered at the port of New York in March, 1891, which was invoiced as "mixed shirtings," and returned by the appraiser as "silk and cotton shirtings, silk chief value, 10/35," and duty accordingly assessed thereon by the collector at the rate provided for cotton cloth containing an admixture of silk, at 10 cents per square yard, and, in addition thereto, 35 per cent. *ad valorem*, under Schedule I, par. 348, of the tariff act of October 1, 1890. Against this classification the importers protested, claiming that their goods were dutiable only at 50 per cent. *ad valorem*, under the provisions of Schedule L of said tariff act, (paragraph 414,) as

manufactures of which silk is the component material of chief value, not specially provided for in the act. The board of general appraisers sustained the protest of the importers, finding as matters of fact: "(1) That the merchandise is known commercially as 'shirting;' (2) that it is not cotton cloth, but is a mixed fabric, composed of silk and cotton, of which materials silk is the greater value; (3) that it contains less than 200 threads to the square inch, counting both the warp and filling;" and that the merchandise was dutiable at 50 per cent. *ad valorem* under paragraph 414 of the tariff act. The collector procured the return of the board of general appraisers to be filed in the circuit court, pursuant to the provisions of section 15 of the act of June 10, 1890, and thereupon obtained an order from the court referring the matter to one of the said board of general appraisers as an officer of the court to take testimony therein. Upon this reference it was proved that the material in question consisted of cotton warp threads, some white and some colored, comprising 63.27 per cent. in weight of the whole fabric, and of silk weft threads, constituting 36.73 per cent. in weight of the whole. It was impossible to contradict the finding of the board of general appraisers that silk was largely the component material of chief value. On the trial in the circuit court it was contended on behalf of the government that the term "cotton cloth," as used in the present tariff, was not a trade term, as it was not under similar provisions in the tariff of 1883, as decided by the circuit court in *Ullmann* v. *Hedden*, 38 Fed. Rep. 95; and that the provision for cotton cloth with admixture of silk, in paragraph 348, was more specific than the provision for manufactures of silk in paragraph 414; and that the undisputed evidence showed the material was composed in weight of nearly two-thirds cotton and a little over one-third silk.

*Edward Mitchell*, U. S. Atty., and *J. T. Van Rensselaer*, Asst. U. S. Atty.

*Comstock & Brown*, for importers.

LACOMBE, Circuit Judge. I do not find any difficulty in interpreting paragraphs 348 and 414. Reading them together, they seem to provide that cotton cloth shall pay a certain rate of duty when it contains an admixture of silk, but, if that admixture of silk is present to such an extent that it becomes a manufacture of which silk is the component material of chief value, then the rate of duty to be paid by the article is not the one provided by paragraph 348, but is that provided by paragraph 414. I shall therefore affirm the decision of the board of appraisers.